**Gerald Lee WHITE, Relator,**

v.

**The Honorable Barbara G. CULVER, Respondent.**

**No. 08–85–00168–CV.**

Court of Appeals of Texas, El Paso.

July 31, 1985.

J. Anthony Foster, Jr., Nunley & Hirsch, Odessa, for relator.

Barbara G. Culver, Judge, 318th Judicial Dist., Midland, pro se.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This is an original proceeding in which Gerald Lee White seeks a Writ of Mandamus to compel District Judge Barbara G. Culver to compel the disqualification of Attorney John G. Hyde and his associates from representing Mr. White's former wife in a contempt case. The petition is denied.

On April 1, 1982, Barbara G. Culver, Judge of the 318th Judicial District Court, signed a decree of divorce and dissolved the marriage between Cynthia E. White and Gerald L. White. The judgment ordered Mr. White to pay child support "in the amount of $50.00 per month per child, or a total of $150.00 per month" beginning April 1, 1982. On March 14, 1984, Judge Culver signed a "Final Decree of Divorce Nunc Pro Tunc" which changed the payment provision to require child support payments "in the amount of $150.00 per month per child, or a total of $450.00 per month" with payments of $225.00 payable on the first and fifteenth days of April, 1982, and like payments on the first and fifteenth days of each month thereafter until each child reaches the age of eighteen years.

The nunc pro tunc decree does not recite any notice to Gerald White prior to its entry and does not set forth a mistake in the original judgment which was being corrected. Rule 316, Tex.R.Civ.P., requires that the opposite party have reasonable notice of an application to enter a judgment nunc pro tunc. Rule 21a, Tex.R.Civ.P., permits notice, other than citation, to be by registered mail to a party, his duly authorized agent, or his attorney of record.

On May 6, 1985, Mr. White filed a petition to modify and sought a change of visitation rights with his children. Within a few days Mrs. Warren (formerly White) filed a verified petition for child support and a verified motion for contempt and a show cause order was signed by Judge Culver. It was asserted that the total arrearage was the sum of $12,153.00, which amount was based upon the payments ordered in the nunc pro tunc order, less payments received in the amount of $4,550.00.

Mr. White filed a "Motion to Disqualify Counsel" and sought to disqualify John G. Hyde and the firm of Freeman, Hyde & Martin from acting as attorneys for Cynthia Warren on the ground that the testimony of Mr. Hyde or his associates would be material on a challenge to the validity of the nunc pro tunc order. It was alleged his testimony would be adverse to his client and that he was disqualified under DR 5–101(B) Disciplinary Rules of the State Bar of Texas which provides that a lawyer should not accept employment if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness. In the supporting brief filed in this case, the Relator now also relies upon the provision of DR 5–102(B) which provides a disqualification where a lawyer after undertaking employment learns or it is obvious that he or a lawyer in his firm may be called as a witness and his testimony may be prejudicial to his client.

There is no dispute on any factual issue in this case. The Rules of Civil Procedure require reasonable notice of an application to enter a judgment nunc pro tunc. Mr. White contends he did not receive any notice. Mr. Hyde agreed at the hearing on the motion to disqualify counsel to stipulate that Mr. White received no notice prior to the entry of the nunc pro tunc decree. Thus, on the sole ground raised in the motion to disqualify counsel and on the only issue upon which counsel could testify, there was no dispute and no need for testimony.

■ Where the judgment does not recite notice and both parties are in agreement that no notice was given, we do not believe a party may disqualify counsel for an opposing party by attempting to raise a non-existent, fictitious issue. In reviewing the Ethical Considerations relating to Canon 5, we find under EC 5–10 the following:

> It is not objectionable for a lawyer who is a potential witness to be an advocate if it is unlikely that he will be called as a witness because his testimony would be merely cumulative or if his testimony will relate only to an uncontested issue.

■ In this case, once the stipulation was offered to factually establish that which the adverse movant had asserted, no testimony was necessary and the court would waste neither its time nor that of the parties or their counsel in hearing evidence on the stipulated issue. Neither should it force a delay in a pending matter by requiring the entry of new counsel where no conflict existed.

■ A mere announcement by an adversary of his intention to call opposing counsel as a witness is insufficient to orchestrate counsel's disqualification. There must be a genuine need for the attorney's testimony. *United Pacific Insurance Company v. Zardenetta*, 661 S.W.2d 244 (Tex.App.—San Antonio 1983). The testimony to be elicited from the attorney should be material to the movant's defense as well as prejudicial to the interest of the attorney's client before disqualification is required. *Stocking v. Biery*, 677 S.W.2d 792 (Tex.App.—San Antonio 1984). In this case, there is no genuine need for the attorney's testimony and such testimony if offered would not be material to a disputed

issue. The issue would have been disposed of by stipulation and no further evidence would be required.

The Petition for Writ of Mandamus is denied.