**GILBERT McCLURE ENTERPRISES, Relator,**

v.

**The Honorable Joe BURNETT, Judge, 134th District Court, Dallas County, Texas, Respondent.**

**No. 05–87–00667–CV.**

Court of Appeals of Texas, Dallas.

July 31, 1987.

Joe Hill Jones, Ralph C. Jones, Dallas, for respondent.

James S. Maxwell, Sharis L. Jinks, E. Thomas Bishop, Mark M. Donheiser, Dallas, for relator.

Before DEVANY, BAKER and McCRAW, JJ.

BAKER, Justice.

This is an original mandamus proceeding. Relator Gilbert McClure Enterprises (McClure) filed this petition seeking to compel the respondent to set aside an order disqualifying the law firm of Maxwell, Godwin & Carlton from representing the company in a wrongful death action. We conditionally granted the writ on July 16, 1987, and we now issue this opinion explaining that decision.

Claudia Irene Hartline sued McClure for damages arising from an automobile accident that took the life of her husband, Ronnie L. Hartline. McClure brought a third-party suit against Professional Drivers Service, Inc.; Mervyn's, Inc.; and the driver of the vehicle in which Ronnie Hartline had been a passenger.

Attorneys, James S. Maxwell and Joseph A. Barbknecht, from the law firm of Maxwell, Godwin & Carlton were subsequently substituted as McClure's attorneys of record. On April 30, 1987, they filed a verified amended answer charging that the third-party defendants' driver had been negligent in various respects. The verification, which was signed by attorney Barbknecht, stated that he had read the allegations contained in the pleading and that they were "within his personal knowledge" true and correct.

On June 1, 1987, Claudia Hartline included Barbknecht on her list of witnesses for the case. She subsequently moved to disqualify Barbknecht and his firm on the grounds that the verification showed that Barbknecht had personal knowledge of relevant facts, but had not been disclosed as a witness during discovery. This motion was specifically predicated upon Disciplinary Rules 5-101 and 5-102 [1] regulating employment of an attorney who may be called as a witness. McClure subsequently filed an amended pleading deleting the Barbknecht verification.

A hearing was held on June 8 and 15, 1987. The court reporter's certificate reflects that the statement of facts before us constitutes a true and complete transcription of the proceedings and that no exhibits were offered. No testimony or other evidence was produced at the hearing; how-

---

**1.** Supreme Court of Texas, Rules Governing the State Bar of Texas art. XII, § 8 (Code of Professional Responsibility) DR 5-101 & DR 5-102 (1973).

ever, Barbknecht did advise that he was not a witness to the accident forming the basis of the case. The verified pleading was never offered into evidence, nor was the trial court asked to take judicial notice of it. After the hearing, however, the trial court signed an order stating that it had considered "the argument, authority and pleadings on file, and has found that the law firm of Maxwell, Godwin and Carlton and its attorneys should in all things be disqualified." The trial court also denied a motion to reconsider this decision.

■ A mere announcement by an adversary of his intention to call opposing counsel as a witness is insufficient to orchestrate counsel's disqualification. *United Pacific Insurance Company v. Zardenetta*, 661 S.W.2d 244, 248 (Tex.App.—San Antonio 1983, orig. proceeding). There must be a genuine need for the attorney's testimony, which should be material to the movant's case as well as prejudicial to the interests of the attorney's client before disqualification is required. *White v. Culver*, 695 S.W.2d 763, 765 (Tex.App.—El Paso 1985, orig. proceeding).

■ The record in this cause contains no evidence to support a finding that the verified answer violated DR 5–101 or DR 5–102 because there was no evidence to show that any testimony of Mr. Barbknecht would be material to the case or prejudicial to McClure. The burden was on the moving party; and here, that burden was not carried. *See Giffin v. Smith*, 688 S.W.2d 112, 114 (Tex.1985); *Williams v. Crier*, 734 S.W.2d 190, 193 (Tex.App.—Dallas 1987, orig. proceeding). Our ruling does not prevent the real parties in interest from producing evidence in the future that would support a finding that counsel for McClure has violated DR 5–101 and DR 5–102; we hold only that, under the present record, the trial court's order disqualifying counsel was a clear abuse of discretion. *Giffin v. Smith, supra.*

The petition for writ of mandamus is conditionally granted. The trial court shall set aside the orders disqualifying counsel.

Otherwise, the writ of mandamus shall issue.