Paul MOORE, Appellant,

v.

ALTRA ENERGY TECHNOLOGIES, INC., Altra Electronic Trading Services, Inc., and DGO, Inc. d/b/a The Ownby Companies, Appellees.

No. 14–08–00362–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 27, 2009.

Joseph A. Garnett, Richard A. Sheehy, W. Perry Zivley, Jr., Houston, for Appellees.

Panel consists of Justices YATES, GUZMAN, and SULLIVAN.

## ABATEMENT ORDER

PER CURIAM.

Appellees Altra Energy Technologies, Inc. and Altra Electronic Trading Services, Inc. (collectively "Altra") have moved to disqualify all members of the law firm of Looper, Reed & McGraw, P.C. ("Looper Reed") from representing appellant Paul Moore in this appeal. It is undisputed that George Rustay, a member of the Looper Reed firm, served as the mediator in the case prior to trial and in that capacity, Rustay received confidential information about the strengths and weaknesses of the case from Altra.

Moore argues that Looper Reed should not be disqualified because (1) on the facts presented, Rule 1.11 of the Disciplinary Rules of Professional Conduct ("the Rules") allow Looper Reed to represent Moore in this appeal, and (2) Altra has waived its complaint in any event. We disagree with both contentions.

■ As our highest courts have repeatedly observed, "[t]he Texas Disciplinary Rules of Professional Conduct do not determine whether counsel is disqualified in litigation, but they do provide guidelines and suggest the relevant considerations." *Landers v. State,* 256 S.W.3d 295, 306 n. 32 (Tex.Crim.App.2008); *In re EPIC Holdings, Inc.,* 985 S.W.2d 41, 48 (Tex.1998). Here, the parties disagree as to the correct rule to apply in this situation. Altra urges us to consider Rule 1.07, which speaks to the role of lawyer as intermedi-

James L. Reed, James M. McGraw, Travis Scott Crabtree, Houston, for Appellant.

ary, but Moore advocates Rule 1.11, which is titled "Adjudicatory Official or Law Clerk."

■ The Rules define an "adjudicatory official," the term used in Rule 1.11, as "a person who serves on a Tribunal." *See* TEX. DISCIPLINARY R. PROF'L CONDUCT, Terminology, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R., art. X, § 9). A "Tribunal" is defined to include "mediators." *Id.* Thus, Rule 1.11 appears to apply here, because it addresses scenarios in which a lawyer has participated as an "adjudicatory official" in the capacity of mediator.[1] *See id.* § 1.11(a). *But see Entex, a Div. of Noram Energy Corp. v. City of Pearland,* 990 S.W.2d 904, 914 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (holding that audit did not constitute "adjudication" because it would not finally resolve parties' dispute) (citing BLACK'S LAW DICTIONARY 42 (6th ed. 1990)), *abrogated on other grounds by Tracker Marine, L.P. v. Ogle,* 108 S.W.3d 349, 351 & n. 8 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

As relevant to this proceeding, Rule 1.11 provides as follows:

(a) A lawyer shall not represent anyone in connection with a matter in which the lawyer has passed upon the merits or otherwise participated personally and substantially as an adjudicatory official or law clerk to an adjudicatory official, unless all parties to the proceeding consent after disclosure.

. . .

(c) If paragraph (a) is applicable to a lawyer, no other lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter unless:

(1) the lawyer who is subject to paragraph (a) is screened from participation in the matter and is apportioned no part of the fee therefrom; and

(2) written notice is promptly given to the other parties to the proceeding.

Thus, because Rustay mediated this case, no other member of his firm could knowingly[2] undertake or continue Moore's representation unless the requirements of subsection (c) were satisfied.

■ Although Moore contends that both of these requirements have been fulfilled, the absence of prompt written notice is dispositive of the issue. According to the uncontroverted evidence, it was not until Moore filed a response to the motion to disqualify that Looper Reed represented to Altra for the first time that Rustay was screened from participation in this appeal and received no part of the fees from the firm's representation. By that time, Looper Reed already had been representing

---

1. Altra notes that, unlike other types of "adjudicatory officials" such as judges and arbitrators, mediators are in a position to receive confidential information from the parties. Altra therefore contends that Rule 1.11 is not pertinent because it implicates different policy considerations than those presented here. *See id.* § 1.11 cmt. 1 (discussing rationale for Rule 1.11). Instead, Altra suggests we should look to Rule 1.07 for guidance because a mediator who has received confidential information from both parties is not unlike a lawyer who acts as an intermediary between two clients with potentially conflicting interests. *See id.* § 1.07(d). However, even if Rule 1.07 is a better analog to the issues presented here, on its face, Rule 1.07 is inapplicable because Altra was not a client of Rustay or any other member of the Looper Reed firm. By contrast, under the definitions that accompany the Disciplinary Rules, Rule 1.11 does apply to mediators.

2. " 'Knowingly' . . . denotes actual knowledge of the fact in question." *See* TEX. DISCIPLINARY R. PROF'L CONDUCT, Terminology. Knowledge, however, "may be inferred from circumstances." *Id.*

Moore for more than a year. This does not fulfill the prompt written notice requirement of Rule 1.11(c)(2).

Moore contends that it provided prompt written notice as required by Rule 1.11 because it filed a motion for new trial, a notice of appeal, the requests for the clerk's record and reporter's record, and the docketing statement in this appeal. These materials contain no mention of the role played by Rustay or Looper Reed in the mediation, and do not even purport to provide the notice required by Rule 1.11. Looper Reed argues, however, that notice is found simply in the listing of the firm name on these filings. We decline to construe a mere signature block as the written notice required by Rule 1.11(c)(2). The documents are required to be signed by the filing party's attorney in any event,[3] and there is no indication that the listing of the firm's name was intended to serve any other purpose. Moreover, Moore's opposition to the motion to disqualify relies in part on the contradictory argument that Looper Reed was unaware of the conflict until it was pointed out by opposing counsel; thus, Moore tacitly acknowledges that the identification of the firm on such documents was inadequate to provide notice of the problem.

■ Moore also argues that Altra has waived any complaint about Looper Reed's representation because Altra did not bring the matter to Moore's attention for several months after a Looper Reed attorney filed the motion for new trial. But Rule 1.11 imposes the burden of prompt notification only on the mediator's firm; it does not impose a similar burden on a party to the mediation to promptly detect and notify opposing counsel of a violation. And in light of our conclusion that simply signing

a document filed in the trial or appellate court does not fulfill Rule 1.11's requirement for prompt written notice—as well as Moore's tacit admission that signing such documents failed to alert even Looper Reed to the conflict—we decline to impose such a burden here.

Finally, Moore contends that Looper Reed should not be disqualified because Rustay and his staff were screened from participation in the representation, shared no confidential information, and Rustay receives no part of the fees from the firm's representation. These are questions of fact that we need not resolve, because even if established, such facts could do no more than demonstrate Looper Reed's compliance with Rule 1.11(c)(1); they do not, however, excuse its failure to comply with Rule 1.11(c)(2).

■ As noted in section 154.002 of the Texas Civil Practice and Remedies Code, it is the policy of this state to encourage the peaceable resolution of disputes and the early settlement of pending litigation through voluntary settlement procedures. TEX. CIV. PRAC. & REM.CODE ANN. § 154.002 (Vernon 2005). It is the responsibility of all trial and appellate courts to carry out this policy. *Id.* § 154.003. And to facilitate such alternative dispute resolution, all communications by a participant in such procedures relating to the subject matter of the dispute are confidential. *Id.* § 154.073. Through its adoption of the Rules of Professional Conduct, the Texas Supreme Court has placed the burden of ensuring such confidentiality on mediators and their firms. Were we to allow Looper Reed to continue its representation on the facts presented here, we would seriously undermine that policy.[4]

---

3. *See* TEX.R. CIV. P. 13.

4. The effectiveness of the mediation process depends upon each party's willingness to participate and, if necessary, to disclose sensitive

We therefore grant Altra's motion to disqualify the Looper Reed firm. In light of this decision, we abate the appeal for thirty days to allow Moore to obtain new counsel. We strike appellant's brief filed February 23, 2009, and order new counsel to file a new appellant's brief on or before **October 26, 2009.**

The appeal is abated, treated as a closed case and removed from the court's active docket. The appeal will be reinstated when appellant advises the court that he has retained new counsel. The court will also consider an appropriate motion to re-instate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

information with the assurance that the mediator will safeguard its confidences. However, that degree of trust may erode if parties anticipate that the mediator's law firm might later represent one of the parties to the still-pending suit. Even strict compliance with Rule 1.11's notice provisions is unlikely to alleviate these policy concerns. Consequently, it may be appropriate for the drafters of the Rules to reconsider whether mediators are properly included within the category of "adjudicatory officials," or conversely, whether a different rule should apply to them.