**In re Elyahou LAVIZADEH, Individually, Parvaneh Lavizadeh, Individually, Elyahou Lavizadeh and Parvaneh Lavizadeh as Trustees of the Elyahou and Parvaneh Lavizadeh Trust 2004, Farid Lavizadeh, Navid Lavizadeh, Lanado, Inc., Lanado Properties, LLC, Lanado Investment Group, LLC, Bruce Turner, and Bennett, Weston, LaJone & Turner, P.C., Relators.**

No. 05–11–00511–CV.

Court of Appeals of Texas, Dallas.

May 26, 2011.

J. Michael Weston, Bruce Turner, Bennett, Weston & LaJone, P.C., Dallas, TX, for Relators.

**904**

Michael D. Payma and Sammie M. Smith, Payma & Kuhnel & Smith, P.C., Dallas, TX, for Real Party in Interest.

Before Justices MOSELEY, RICHTER, and FILLMORE.

## OPINION

Opinion by Justice MOSELEY.

Relators filed this mandamus proceeding after the trial court entered an order disqualifying relators Bruce Turner and Bennet, Weston, LaJone & Turner, P.C. as counsel for the other relators. In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Relators have met this burden. We therefore conditionally grant the writ of mandamus.

Real party in interest, plaintiff below, alleges that relators, including Turner and his law firm, conspired to fraudulently sell assets of a trust and knowingly received some of the funds that were fraudulently transferred. On the day real party in interest added Turner and the law firm as defendants, it moved to disqualify them from representing any of the other defendants on the ground that Turner would be a necessary witness at the trial.

Real party in interest argues here that Rule 3.08(a) of the disciplinary rules of professional conduct requires disqualification of Turner and his law firm. A party seeking disqualification of a lawyer under Rule 3.08(a) must present evidence that the testimony of the lawyer is necessary to establish an essential fact of the lawyer's own client's case. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2005); *In re McDaniel,* No. 10–04–00166–CV, 2006 WL 408397, at *2 (Tex.App.-Waco Feb. 22, 2006, orig. proceeding); *In re Bahn,* 13 S.W.3d 865, 873 (Tex.App.-Fort Worth 2000, orig. proceeding); *In the Interest of A.M.,* 974 S.W.2d 857, 864 (Tex.App.-San Antonio 1998, no pet.); *May v. Crofts,* 868 S.W.2d 397, 399 (Tex.App.-Texarkana 1993, no writ); *see also In re Atherton,* 05–02–01053–CV, 2002 WL 31160059, at *3 (Tex.App.-Dallas Sept. 30, 2002, orig. proceeding) (real party in interest failed to meet burden to show attorney was necessary witness in absence of evidence lawyer had any knowledge regarding document in question). At the hearing on the motion to disqualify, real party in interest identified nine areas in which it would seek testimony from Turner.

Real party in interest also argued Turner's testimony would violate Rule 3.04(b) of the disciplinary rules of professional conduct. That rule provides, in relevant part, "A lawyer shall not ... pay, offer to pay, or acquiesce in the offer or payment of compensation to a witness or other entity contingent upon the content of the testimony of the witness or the outcome of the case." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.04(b).

Here, real party in interest did not present any evidence to support its motion to disqualify.[1] The trial court, having been presented no evidence of the necessity of Turner's testimony, could not have reasonably concluded that Turner's testimony was necessary to establish an essential fact of the other relators' case.

1. Additionally, its attorney admitted at the hearing on the motion to disqualify that other witnesses "may or may not be" able to testify as to seven of the nine topics it originally designated as requiring the testimony of Turner.

*See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a). Nor would proof of a 3.08(a) violation necessitate the disqualification of the entire firm. *See In re Bahn,* 13 S.W.3d 865, 873 (Tex.App.-Fort Worth 2000, orig. proceeding) ("the rule only prohibits any testifying lawyer who could not serve as an advocate from taking an active role before the tribunal in the presentation of the matter").

Further, assuming without deciding that rule 3.04(b) applies to an attorney who testifies in a case in which he is also representing a party, the trial court could not have reasonably concluded that his testimony would be improperly compensated, *see* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.04(b), or that his testimony would necessitate the disqualification of the entire firm. *See Bahn,* 13 S.W.3d at 875–76 (disqualification of attorney does not automatically disqualify entire firm), 876–77 (trial court must consider less drastic remedies than disqualification to avoid possible rule 3.04 violations).

Appeal is an inadequate remedy for the improper disqualification of Turner and his law firm. *See Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 657–58 (Tex. 1990) (granting petition for mandamus when disqualification had been wrongly ordered). Accordingly, we conditionally grant the relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its April 1, 2011 "Order Granting Plaintiff's Motion to Disqualify" and enter an order denying that motion.