**Conditionally Grant and Opinion Filed August 28, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00958-CV

### IN RE VSDH VAQUERO VENTURE, LTD., Relator

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-09-05232-A**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

Relator VSDH Vaquero Venture, Ltd. filed this mandamus proceeding after the trial court made an oral ruling disqualifying Evan L. Shaw as its counsel on the ground he may be a witness in the case. To obtain mandamus relief, relator must show both that the trial court abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). VSDH has met its burden. We therefore conditionally grant the writ of mandamus.

Real parties in interest Kenneth and Betsy Gross are counter-plaintiffs below. The following facts are taken from their counterclaim and VSDH's motion for continuance. The Grosses purchased residential property from VSDH; Shaw and Douglas M. Hickok are limited partners in VSDH. The contract contained a "buy back" option requiring VSDH to repurchase the property subject to particular terms and conditions. According to the Grosses, they exercised

the option. The Grosses allege that after VSDH, Shaw, and Hickok "affirmatively represented" they would not "honor" the provision, the Grosses sold the property to a third party. VSDH filed a declaratory judgment action contending it did not breach the contract, and the Grosses counterclaimed against Shaw, Hickok, and VSDH for damages for breach of contract and fraud.[1]

Two weeks before the case was set to go to trial, VSDH received the Grosses' witness list identifying VSDH's counsel, Shaw, as a "person who may be called as an adverse witness." By this time, Shaw was no longer a defendant in the suit. Shaw wrote to the Grosses' counsel twice to determine if he planned to call Shaw as a witness at trial. When the Grosses' counsel refused to say one way or the other, Shaw filed a motion to continue the case until the Grosses decided whether they were calling him as a witness and, if they decided they would be calling him, additional time to locate and engage new counsel to represent VSDH. The trial was reset for July 2014.

Two and a half months later, the Grosses filed a motion to disqualify Shaw asserting that Shaw had not withdrawn from representing VSDH and that "[n]othing had changed in terms of the likelihood that Shaw will be called as a witness in the trial of this case." Relying on rule 3.08 of the Texas Disciplinary Rules of Professional Conduct, they asserted Shaw should not be permitted to act as an advocate in the case. As the trial date neared, the Grosses set the motion for a hearing on June 18, 2014. At the hearing, the Grosses presented no evidence to support their motion, only argument. Counsel for the Grosses would not confirm whether he would call

---

[1] Our record does not contain VSDH's petition, only the Grosses' counterclaim. The absence of the petition does not impair our ability to consider the issue in this proceeding. *See* TEX. R. APP. P. 52.7(a).

.

Shaw as a witness but said he believed it was "more than a 50 percent chance." He also represented that counsel for real party Hickok had previously represented he would call Shaw as a witness, but Hickok's counsel disputed that assertion, saying he may need to call him "simply to rebut testimony that has been offered by Mr. Gross . . . regarding certain interactions he has had with Mr. Shaw." In response, VSDH complained the Grosses had failed to produce evidence to trigger disqualification under rule 3.08(a). In particular, they asserted the Grosses failed to show that Shaw would be testifying to an essential fact that could not be obtained by other evidence. The trial court disagreed that evidence needed to be presented as to "what the lawyer would testify to" and orally ruled that Shaw "may stay on the case, but he may not make any presentations before the Court."

An oral ruling may be subject to mandamus review if the ruling is clear, specific, enforceable, and adequately shown by the record. *See In re Penney*, No. 05-14-00503-CV, 2014 WL 2532307, at *2 n.3 (Tex. App.—Dallas June 14, 2014, orig. proceeding) (mem. op.). An appellate court can determine whether an oral ruling meets these criteria by reviewing the reporter's record. *Id.* We conclude the oral ruling in this case meets the criteria.

Because disqualification is a severe remedy, courts must adhere to exacting standards when considering motions to disqualify so they are not used as a trial tactic. *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding). Here, the Grosses relied on rule 3.08(a) of the disciplinary rules of professional conduct to disqualify Shaw. While the disciplinary rules are not controlling as standards governing motions to disqualify, they serve as guidelines that "articulate considerations relevant to the merits of such motions." *Id.* The burden is on the movant to establish with specificity a violation of the disciplinary rules. *Id.*

Rule 308(a) of the disciplinary rules provides in relevant part: "A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending

–3–

adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client" except under certain circumstances. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (WEST 2013) (TEX. STATE BAR R. art. X, § 9). A party seeking disqualification of a lawyer under rule 3.08(a) must present evidence that the testimony of the lawyer is necessary, that it goes to an "essential fact," and that the party will be prejudiced if the opposing lawyer is permitted to serve in dual roles. *See In re Lavizadeh*, 353 S.W.3d 903, 904 (Tex. App.—Dallas 2011, orig. proceeding); *see also In re Bahn*, 13 S.W.3d 865, 872 (Tex. App.—Fort Worth 2000, orig. proceeding). An attorney's testimony is not considered necessary if there is no unqualified, positive intent to call the attorney as a witness. *See In Interest of A.M.*, 974 S.W.2d 857, 864 (Tex. App.—San Antonio 1998, no pet.) (citing *Spears*, 797 S.W.2d at 658). If relying on rule 3.08(a), the moving party must further show that the fact to be established by the attorney's testimony is essential to the testifying attorney's own client's case as opposed to another's party's case. *In re Lavizadeh*, 353 S.W.3d at 904. Finally, the moving party must show the trial court lacks any means other than disqualification to remedy the harm to the opposing party. *In re Bivins*, 162 S.W.3d 415, 421 (Tex. App.—Waco 2005, orig. proceeding). Where a party fails to present evidence to support all of these matters, the party seeking disqualification fails to carry its burden and the trial court cannot reasonably conclude the attorney's testimony is necessary to establish an essential fact to the party's case. *In re Lavizadeh*, 353 S.W.3d at 904; *Gilbert McClure Enters. v. Burnett*, 735 S.W.2d 309, 311 (Tex. App.—Dallas 1987, orig. proceeding).

Here, the Grosses did not present any evidence to support their motion to disqualify. Consequently, based on the record before us, the trial court could not have reasonably concluded that Shaw's testimony was necessary to establish an essential fact of VSDH's case. *See In re*

–4–

*Lavizadeh*, 353 S.W.3d at 904; *Gilbert McClure Enters.*, 735 S.W.2d at 311. In reaching this conclusion, we reject the Grosses' argument that the trial court could take judicial notice of the contents of its file in making its decision. We note, first, that no party requested the court to take judicial notice of any document. Second, nothing in the record reflects that the trial court took judicial notice of any document. To the contrary, the record suggests the trial court did not know what essential fact Shaw's testimony would establish or how the Grosses would be prejudiced if permitted to testify to those facts. When VSDH's counsel asked what testimony was "being used to prohibit" Shaw from representing VSDH, the trial court responded, "The problem is we don't know, but we do know that he is likely to be a witness in this case. And that's what the rule addresses. . . ."

Appeal is an inadequate remedy for the improper disqualification of Shaw. *See Spears*, 797 S.W.2d at 657–58. Accordingly, we conditionally grant the relator's petition for writ of mandamus and direct the trial court to vacate its oral order granting the Grosses' motion to disqualify and to enter a written order denying the motion. A writ will issue only in the event the trial court fails to comply.

140958F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE