

# NUMBER 13-16-00350-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE SOLIS LAW FIRM

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides[1]

Relator Solis Law Firm[2] filed a petition for writ of mandamus seeking to compel the

trial court to disqualify attorney Marlene Dougherty from representing the real parties in

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This cause arises from trial court cause number 2015-DCL-5494 in the 445th District Court of Cameron County, Texas, and the respondent in this case is the Honorable Rene E. De Coss. *See* TEX. R. APP. P. 52.2. According to the "identity of parties and counsel" section of the petition for writ of mandamus, the relator in this original proceeding is:

Manuel Solis a/k/a Manuel Solis Law Firm a/k/a Law Office of Manuel Solis a/k/a Oficinas Juridicas del Abogado Manuel Solis a/k/a Despacho Juridico de Manuel Solis a/k/a Law Offices of Manuel E. Solis a/k/a Manuel Solis Law Offices, Law Offices of Manuel E. Solis,

interest, Francisco Javier Barrios Almeida, Marco Antonio Barrios Rojo, Erika Barraza Moreno, and Roger Wayne Avelar. We deny the petition for writ of mandamus.

## I. BACKGROUND

The real parties originally retained Solis Law Firm to represent them in immigration proceedings. They ultimately terminated their agreements with Solis Law Firm and retained Dougherty to represent them in their immigration matters. Subsequently, the real parties, again represented by Dougherty, brought suit against Solis Law Firm for causes of action including deceptive trade practices, negligence, common law fraud, and breach of fiduciary duty with regard to the firm's pre-paid legal services program for undocumented people.[3] On May 16, 2016, Solis Law Firm filed a motion to disqualify Dougherty from acting as counsel for real parties. Solis Law Firm propounded two "compelling" reasons for disqualification:

> First, Dougherty represented the Plaintiffs in connection with their immigration claims, and therefore has personal knowledge about the issues in controversy, including the events leading up to the filing of their lawsuit against Defendants. Second, Dougherty is, and has assumed the role of, witness on contested matters whose testimony is necessary to prove essential elements of her clients' claims. Dougherty's continued representation of these clients violates rule 3.08(a) of the Texas Disciplinary Rules of Professional Conduct.

---

P.C., Inmigrante TV, LLC, Defensa Juridica Prepagada de Inmagracion, PLLC, and The Solis Law Firm, P.C. (hereinafter collectively referred to as "Solis Law Firm").

*See id.; see also id.* R. 52.3(a).

[3] The relationship between Solis Law Firm and Dougherty is long-standing and filled with acrimony. In 2009, in separate legal proceedings, Solis Law Firm brought suit against Dougherty for defamation after she identified the firm as "a despicable fraud" and a "scam." That lawsuit was resolved by an agreed final judgment. In 2013, Dougherty later filed two separate lawsuits in federal court against Solis Law Firm on behalf of the real parties in interest in this proceeding. The federal court consolidated the cases and eventually dismissed the consolidated case without prejudice for failure to state a claim. Dougherty then instituted the underlying lawsuit that is the genesis of this original proceeding.

2

Solis Law Firm's second argument is premised on the fact that Dougherty had provided a "Verification by Unsworn Declaration" for the real party's petitions which asserted that she had "reason to believe" that the factual allegations in the petitions were true and correct. Further, Dougherty had provided a declaration in support of the real parties' motion to dismiss a counter claim filed by Solis Law Firm under the anti-SLAPP law. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West, Westlaw through 2015 R.S.) (codifying the Texas Citizens Participation Act, which is an anti-SLAPP or "Strategic Lawsuits Against Public Participation" law). Dougherty filed an opposition to the motion to disqualify on grounds that the motion was untimely, she would not be testifying in the case, and the motion was made in bad faith. She later filed an opposed motion to withdraw her anti-SLAPP declaration and to file an amended petition without a verification. She ultimately amended both filings and supported her motion to dismiss with other evidence.

The trial court heard the motion to disqualify on June 1, 2016. Solis Law Firm contended that Dougherty had knowledge of essential facts because she had represented the real parties during their immigration proceedings after they had originally retained Solis Law Firm. Solis Law Firm alleged that she had interjected herself into the case as a witness by furnishing the verification and declaration. Further, Solis Law Firm argued that the real parties were unable to answer questions regarding their causes of action at their depositions, and that Dougherty possessed basic information about their claims which formed the basis of their lawsuit. At the hearing, Dougherty stated that she would not be testifying and the trial court confirmed that it would not allow her to testify. During argument, Solis Law Firm objected to two of the real parties' exhibits attached to their

3

response to the motion to disqualify on the basis that they were not properly authenticated.

On June 1, 2016, the trial court overruled Solis Law Firm's objections to Dougherty's exhibits and denied Solis Law Firm's motion for disqualification. In its order, the trial court concluded that the motion to disqualify was timely filed but that Solis Law Firm had failed to meet its burden to show that Dougherty should be disqualified.

This original proceeding ensued. By two issues, Solis Law Firm asserts: (1) the trial court abused its discretion by refusing to disqualify Dougherty "when she has violated and continues to violate Rule 3.08(a) of the Texas Disciplinary Rules of Professional Conduct" because "her testimony is essential if she intends to try to prove disputed facts in her clients' case" and "she is both immigration counsel and litigation counsel" for the real parties "regarding the very immigration matters they complain of in their suit against [Solis Law Firm]," and (2) the trial court abused its discretion by denying Solis Law Firm's objections to Exhibits B and D submitted by real parties at the June 1, 2016 hearing because they were not properly authenticated as required by Texas Rule of Evidence 901 and further, Exhibit D constitutes hearsay under Texas Rule of Evidence 801. This Court requested and received a response to the petition for writ of mandamus from the real parties in interest and received a reply to that response from Solis Law Firm.

## II. MANDAMUS

"Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal." *In re Frank Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding); *see In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004)

4

(orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d at 888; *Walker*, 827 S.W.2d at 840. In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co.*, 148 S.W.3d at 135–36.

Appeal is an inadequate remedy when a trial court abuses its discretion in the disqualification of counsel. *In re Guar. Ins. Servs., Inc.*, 343 S.W.3d 130, 132 (Tex. 2011) (orig. proceeding); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 383 (Tex. 2005) (orig. proceeding); *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (per curiam); *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989) (orig. proceeding). Consequently, the only issue we must consider is whether the respondent abused his discretion by refusing to disqualify Dougherty from acting as counsel in this matter. *See In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 423 (Tex. 2002) (orig. proceeding).

### III. STANDARD OF REVIEW

Disqualification of a party's counsel is a severe remedy. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d at 382; *In re Nitla S.A. de C.V.*, 92 S.W.3d at 422; *In re Tex. Windstorm Ins. Ass'n*, 417 S.W.3d 119, 128–29 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding). "It can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice." *In re Nitla S.A. de C.V.*, 92 S.W.3d at 422. "Disqualification can delay proceedings in the trial court,

5

require the client to engage a successor attorney, and, in appropriate cases, deprive the client of work product done on his behalf by the disqualified attorney." *In re Tex. Windstorm Ins. Ass'n*, 417 S.W.3d at 129. "Because of the serious consequences of disqualification of opposing counsel, such motions can be misused for delay or to exert inappropriate leverage to force a settlement." *Id.* "The law strongly discourages the use of motions to disqualify as tactical weapons in litigation." *Id.*

The movant bears the burden of proof on a disqualification motion. *In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 60 (Tex. 1998) (orig. proceeding); *Smith v. Abbott*, 311 S.W.3d 62, 73 (Tex. App.—Austin 2010, pet. denied). "To prevent the abusive filing of such a motion for tactical reasons, the court must carefully evaluate the motion and record to determine if disqualification is warranted." *In re Nitla S.A. de C.V.,* 92 S.W.3d at 422. The trial court "must strictly adhere to an exacting standard" in ruling on disqualification motions. *NCNB Tex. Nat'l Bank*, 765 S.W.2d at 399; *see Spears v. Fourth Ct. of Apps.*, 797 S.W.2d 654, 656 (Tex. 1990). Accordingly, "[m]ere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice." *Spears*, 797 S.W.2d at 656; *see In re Tex. Tech. Servs., Inc.*, 476 S.W.3d 747, 750 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding). We review the trial court's ruling for abuse of discretion. *See In re Sanders*, 153 S.W.3d at 57; *BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 514 (Tex. App.—San Antonio 2013, pet. denied); *In re Tex. Windstorm Ins. Ass'n*, 417 S.W.3d at 129.

## IV. DISQUALIFICATION

Solis Law Firm's motion for disqualification is premised on Rule 3.08(a) of the Texas Disciplinary Rules of Professional Conduct. *See* TEX. DISCIPLINARY R. PROF'L

CONDUCT R. 3.08(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A, Art. 10, § 9 (West, Westlaw through 2015 R.S.).  Rule 3.08(a) of the Texas Disciplinary Rules of Professional Conduct states:

> (a)    A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:
>
> > (1)    the testimony relates to an uncontested issue;
> >
> > (2)    the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
> >
> > (3)    the testimony relates to the nature and value of legal services rendered in the case;
> >
> > (4)    the lawyer is a party to the action and is appearing pro se; or
> >
> > (5)    the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

*Id.*  The Texas Disciplinary Rules of Professional Conduct, although promulgated as disciplinary standards rather than rules of procedural disqualification, provide guidelines relevant to a disqualification determination.  *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d at 382; *In re Tex. Windstorm Ins. Ass'n*, 417 S.W.3d at 129.  Accordingly, Rule 3.08 is not itself a "controlling standard" for disqualification.  *In re Sanders*, 153 S.W.3d at 56; *see Moore v. Altra Energy Tech., Inc.*, 295 S.W.3d 404, 405 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Keith v. Solls*, 256 S.W.3d 912, 918 (Tex. App.—Dallas 2008, no pet.).  Thus, "Rule 3.08 should rarely be the basis for disqualification."  *In re Reeder*, No. 12-15-00206-CV, 2016 WL 402536, at *7, __ S.W.3d __, __ (Tex. App.—Tyler Feb. 3, 2016, orig. proceeding); *see In re Chu*, 134 S.W.3d 459, 464 (Tex. App.—

7

Waco 2004, orig. proceeding); *May v. Crofts*, 868 S.W.2d 397, 399 (Tex. App.—Texarkana 1993, orig. proceeding); *see also* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08 cmt. 9 ("Rule 3.08 sets out a disciplinary standard and is not well suited to use as a standard for procedural disqualification.").

Texas Disciplinary Rule of Professional Conduct 3.08(a) generally prohibits a lawyer from acting as both an advocate and a witness in an adjudicatory proceeding if the attorney's testimony is or may be necessary to establish an essential fact on behalf of the lawyer's client. TEX. DISCIPLINARY R. PROF'L CONDUCT R. 3.08(a); *In re Sanders*, 153 S.W.3d at 56. Rule 3.08 is grounded principally on the notion that the jury may become confused when one person acts as both advocate and witness. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08 cmt. 4; *Anderson Producing, Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 422 (Tex. 1996); *see also In re VSDH Vaquero Venture, Ltd.*, No. 05-15-01513-CV, 2016 WL 2621073, at *5 (Tex. App.—Dallas May 6, 2016, orig. proceeding) (mem. op.).

However, "the fact that a lawyer serves as both an advocate and a witness does not in itself compel disqualification." *In re Sanders*, 153 S.W.3d at 57; *see Ayres v. Canales*, 790 S.W.2d 554, 557–58 (Tex. 1990) (orig. proceeding); *In re Chu*, 134 S.W.3d at 464; *May*, 868 S.W.2d at 399; *see also In re Groves*, No. 01-15-00537-CV, 2016 WL 921645, at *4 (Tex. App.—Houston [1st Dist.] Mar. 10, 2016, orig. proceeding) (mem. op.). Rather, "[d]isqualification is only appropriate when the lawyer's testimony is necessary to establish an essential fact" and the opposing party can demonstrate "actual prejudice." *In re Sanders*, 153 S.W.3d at 57; *see Ayres*, 790 S.W.2d at 557; *In re Lavizadeh*, 353 S.W.3d 903, 904 (Tex. App.—Dallas 2011, orig. proceeding). Without

these limitations, the rule could be improperly employed "as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." *In re Garza*, 373 S.W.3d 115, 118 (Tex. App.—San Antonio 2012, orig. proceeding) (quoting TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08 cmt. 10).

## V. ANALYSIS

Solis Law Firm asserts that Dougherty's testimony is necessary to support the allegations from the real parties' pleadings because the real parties were unable to answer questions about their causes of action during their depositions. Solis Law Firm further asserts that Dougherty should be disqualified in this action because she acted as real parties' immigration lawyer and thus has personal knowledge of the resolution of the matters at issue here:

> How and why Relator's services were allegedly deceptive or caused Plaintiffs harm are essential fact questions in this case. Dougherty, who actively participated in the Moreno matter and who subsequently represented Francisco Barrios in the same immigration matter, seeks to be the standard bearer for what Relator should have done. Therefore, she is an essential fact witness and should be disqualified.

Solis Law Firm also contends that it will suffer "actual prejudice" if Dougherty is not disqualified because "[w]hile she is subject to questioning, there is no amount of cross-examination that would cure the problem of confusion among the jurors if Dougherty is allowed to fill in the evidentiary gaps with testimony that her clients cannot supply."

Solis Law Firm asserts generally that Dougherty's testimony is necessary; however, it has failed to demonstrate that her testimony is necessary to establish any particular "essential" fact. *Cf. In re Sanders*, 153 S. W.3d at 57–58 (rejecting the argument that attorney disqualification was required when the same information could be obtained from other sources); *In re Sandoval*, 308 S.W.3d 31, 34–35 (Tex. App.—San

9

Antonio 2009, orig. proceeding) (concluding that the trial court erred in granting a motion to disqualify when the movant for disqualification did not establish that the lawyer's testimony was necessary and "nothing in evidence" pertained to whether the movant would be prejudiced); *see also In re Groves*, 2016 WL 921645, at *4 (concluding that general allegations regarding an attorney's knowledge concerning the facts of the case did not demonstrate that the attorney's testimony was necessary to establish an essential fact); *In re Tex. Tech. Servs., Inc.*, 2015 WL 5577234, at *4 (concluding the fact that the attorneys communicated with witnesses, without more, did not demonstrate that their testimony was necessary to establish an essential fact). Moreover, while Solis Law Firm asserts generally that Dougherty's participation would cause it prejudice, it has failed to carry its burden to show that her participation as an advocate and a witness would actually cause it prejudice. *See Shaw v. Lemon*, 427 S.W.3d 536, 543 (Tex. App.—Dallas 2014, pet. denied), *cert. denied*, 135 S. Ct. 1563, 191 L. Ed. 2d 640 (2015).

Solis Law Firm's allegations regarding Dougherty's verification and declaration present a more difficult issue. It is clear that when an attorney who represents a party is an affiant in support of a motion for summary judgment, and none of the 3.08 exceptions apply, the attorney is a witness. *See Mauze v. Curry*, 861 S.W.2d 869, 870 (Tex. 1993) (per curiam); *Southtex 66 Pipeline Co., Ltd. v. Spoor*, 238 S.W.3d 538, 544 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Aghili v. Banks*, 63 S.W.3d 812, 817–18 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). On the other hand, courts have not found verifications to be prima facie reason for disqualification. *See, e.g., Gilbert McClure Enters. v. Burnett*, 735 S.W.2d 309, 311 (Tex. App.—Dallas 1987, no writ); *see also In re*

10

*Villasanta*, No. 01-11-00474-CV, 2011 WL 4398557, at *2 (Tex. App.—Houston [1st Dist.] Sept. 22, 2011, orig. proceeding) (mem. op.).

In this case, Dougherty has amended the pleadings that contained the verification and declaration and those pleadings are no longer extant. Solis Law Firm conceded as much at the hearing on the motion for disqualification. Dougherty has further stated her intention that she will not testify in this case, and the trial court has stated on the record that it will not allow her to testify. Under these circumstances, Dougherty's filing of the verification and declaration do not compel disqualification. We overrule Solis Law Firm's first issue.

In its second issue, Solis Law Firm asserts that the trial court abused its discretion in overruling its objections to two of the exhibits supporting Dougherty's response to the motion to disqualify. The two exhibits consist of a letter addressed to one of the real parties from the Solis Law Firm in Spanish and a determination from the Litchfield Judicial District Grievance Panel of the State of Connecticut Judicial Branch finding "no probable cause" for an alleged ethical violation on the part of Dougherty. The significance of either of these two exhibits in relation to the issue of disqualification is neither evident in the record nor explained in the petition for writ of mandamus. As the movant for disqualification, Solis Law Firm bore the burden to establish that Dougherty should be disqualified. All of Solis Law Firm's evidence and argument was before the trial court. The trial court's determination regarding the issue of disqualification was correct even without consideration of the two exhibits referenced in this issue. Accordingly, we overrule Solis Law Firm's second issue.

11

## VI. CONCLUSION

We conclude that the trial court did not abuse its discretion in denying Solis Law Firm's motion to disqualify Dougherty. However, we caution the parties that our determination in this matter is based on the pleadings and record presented to date. *See City of Houston v. Jackson*, 192 S.W.3d 764, 769 (Tex. 2006) (stating that the law of the case doctrine is prudential rather than statutory and application of the doctrine is left to the discretion of the court under the particular circumstances of a given case); *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) (holding that the law of the case doctrine does not necessarily apply when either the issues or the facts presented during successive proceedings are not substantially the same). Accordingly, the Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that Solis Law Firm has failed to establish its right to relief. We lift the stay previously imposed in this cause, and we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").

GINA M. BENAVIDES,
Justice

Delivered and filed the
27th day of September, 2016.